Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 90844
Anchorage, AK 99509
(907) 644-2802
(800) 536-1071 facsimile
E-mail: Eyedz@gci.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN CHEEK,<br><br>        Plaintiff,<br><br>vs.<br><br>HOONAH CITY SCHOOL DISTRICT BOARD,<br><br>        Defendant. | Case No. 1:24-cv- |

**COMPLAINT FOR DAMAGES**

COMES NOW, Helen Cheek, the plaintiff above named, by and through her attorney, Isaac Derek Zorea, and complains as follows:

**I. JURISDICTION AND VENUE**

1.1. At all relevant times, plaintiff, Helen Cheek, was a resident of Hoonah, Alaska, located within the First Judicial District, State of Alaska, and was employed as Superintendent of the Hoonah City School District.

1.2. At all relevant times, Defendant, Hoonah City School District Board (Hoonah Board), had final decision making authority over Hoonah City School District, a public school within the First Judicial District, State of Alaska.

COMPLAINT FOR DAMAGES:
CHEEK V. HOONAH CITY SCHOOL DISTRICT BOARD        PAGE - 1 -

1.3. Venue is proper in the First Judicial District.

## II. FACTUAL ALLEGATIONS

2.1. On May 11, 2023, Plaintiff, Helen Cheek, was hired as the Superintendent for the Hoonah City School District, serving a three year term covering July 1, 2023 through June 30, 2026.

2.2. During the duration of her employment, Helen Cheek performed the critical elements of her job duties in a professional and highly competent manner, providing no cause for the Hoonah Board to terminate her employment.

2.3. Despite the high quality of Superintendent Cheek's work for the Hoonah City School District, she had a conflict with Harold Houston, Hoonah Board's President, who continually overstepped the legal constraints of his authority over the Hoonah District.

2.4. The first time Helen Cheek met Harold Houston alone as the board chair, she was in her office at Hoonah City School District administrative offices, and Mr. Houston came in to talk and welcome her to Hoonah. The two spoke for a couple of hours, and during their first conversation. Superintendent Cheek felt very uncomfortable about Mr. Houston stepping over the lines as board chair.

2.5. During her initial meeting with Harold Houston, Plaintiff Helen Cheek states that he instructed her to fire two District employees. Mrs. Cheek had not even met one of them yet. These two employees were the Financial Manager and the Arts Grant Director. Superintendent Cheek responded to his order by saying that she "would look into what was happening," and left it at that. Nonetheless, the conversation made her feel uncomfortable, given that she knew his conduct violated the Hoonah City School District Board Policies and would appear as a wrongful termination.

2.6. Mr. Houston set up one-hour Monday morning meetings between himself and Superintendent Cheek. These Monday morning meetings, quickly transformed into a scenario wherein Mr. Houston would come into Mrs. Cheek's office 3 or 4 times a week. During these unscheduled meetings, Mr. Houston would sit in her office for hours going over what she should and should not be doing. Mrs. Cheek felt harassed and very uncomfortable.

2.7. In December 2023, during one of his numerous visits, Superintendent Cheek tried to tell Mr. Houston she was uncomfortable with all his visits. Mr. Houston laughed her concerns off, yet she could tell he was angry with her.

2.8. Before Mr. Houston's arrival on to Superintendent Cheek's office the morning of January 8, 2024, she called the Association of Alaska School Boards (A.A.S,B.) for support concerning the uncomfortable situation created by Mr. Houston sitting in her office for hours at a time. The A.A.S.B. told Superintendent Cheek to point out the policy violations to Mr. Houston.

2.9. When Mr. Houston arrived at 9:00 that morning, January 8, 2024, Superintendent Cheek had written the board policies he had violated on her whiteboard. Plaintiff Helen Cheek told Mr. Houston that she was a seasoned superintendent and did not need him to tell me how to do her job. She told him that forming a facilities committee independent of the School Board violated school board policy. Further, she explained to Mr. Houston that he overstepped his authority when he told his facilities committee to work directly with Maintenance Director. She pointed out that this also violated school board policies.

2.10. During the January 8, 2024 meeting between Plaintiff Helen Cheek and Mr. Houston, Superintendent Cheek also pointed out to him that he had no authority to independently enter the school building to do an "inspection," which was something he did when she was away from the school.

COMPLAINT FOR DAMAGES:
CHEEK v. HOONAH CITY SCHOOL DISTRICT BOARD                                PAGE - 3 -

2.11. During the January 8, 2024 meeting, Superintendent Cheek additionally informed Mr. Houston that he did not have authority to independently direct the district's Financial Manager to do his bidding or do tasks solely for his benefit. Rather than acknowledge that his conduct should conform to the school board's clearly laid out policies, Mr. Houston left Superintendent Cheek's office in an angry manner.

2.12. On January 11, 2024, Superintendent Cheek next encountered Mr. Houston during a School Board work session. During this meeting, Mr. Houston refused to speak with Plaintiff Helen Cheek. In doing so, he violated school board policy.

2.13. On January 12, 2024, Superintendent Cheek sent an email to district attorney, Allen Clendaniel, and also an email to the members of the Hoonah School District Board. In these emails, Helen Cheek attached a letter that she addressed to the Board, identifying the board policy violations and unlawful conduct by the Board President Harold Houston. In her letter to the Board, Mrs. Cheek clarified that the board policy delineated a clear separation of the authority vested in the Superintendent – who is the chief administrator of the District.

2.14. On January 18, 2024, Superintendent Cheek sent a follow up email to district attorney, Allen Clendaniel, where she shared another letter she sent to Harold Houston. Like her January 12, 2024 letter to the Board, Plaintiff Cheek identified that her complaints toward Mr. Houston related solely to the public policy issue concerning his blatant violation of school board policies. She also made clear that she owed a legal duty to her employees to protect their confidential records. This was explained to Mr. Houston because he had made numerous efforts to access confidential information about school employees and wanted to tell the teacher how they were expected to teach.

2.15. On February 6, 2024, district attorney Allen Clendaniel sent Superintendent Cheek an email informing her that she had been terminated by the Board, without cause. Despite the allegation that the termination was without cause, Plaintiff Cheek firmly believes that the termination was directly and proximately caused by her exercise of her First Amendment right to object to Mr. Houston's conduct that violated public policy, state law and the school board policies.

2.16. Rather than accept the protected speech that Superintendent Cheek made to the Board, it instead opted to retaliate against her for her exercise of her right, obligation, to object to illegal conduct by the Board President.

## III. CLAIM FOR RELIEF

### A. VIOLATION OF 42 USC 1983: FIRST AMENDMENT AND DUE PROCESS VIOLATIONS BY HOONAH CITY SCHOOL DISTRICT BOARD.

3.1. Helen Cheek incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.16.

3.2. Plaintiff Helen Cheek affirms, and states, that she agreed to employment as Superintendent for the Hoonah City School District for a three year period between July 1, 2023 through June 30, 2026..

3.3. Plaintiff Helen Cheek affirms, and states, that as a public employee she was entitled to all the protections afforded her by the First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the Constitution.

3.4. Plaintiff Helen Cheek further states that she spoke on several occasions on matters of public concern to the Hoonah City School District Board, and to its member, and President, Harold Houston. These conversations started in January 8, 2024 and stretch through January 2024, ending with her termination.

3.5. Plaintiff Helen Cheek affirms, and states, that on several occasions she made clear to Board President Harold Houston, and to the other members of Hoonah City School District Board, that based on her understanding of Alaska Statutes, Hoonah District Board Policies, and her obligation as the Chief Administrator for the Hoonah City School District, Mr. Houston was violating the board policies and state and federal law on a regular basis in his interactions with Superintendent Cheek.

3.6. Plaintiff Helen Cheek affirms, and states, that Hoonah City School District Board President Harold Houston, and the Board via vote among its members, deprived, and retaliated against, her based on her First Amendment and Fourteenth Amendment Rights when they Terminated her employment, without stated cause, within weeks of her engagement in public policy discussions with each entity.

3.7. As damages for the conduct alleged above, plaintiff, Helen Cheek, seeks all remedies available under 42 USC § 1983, including but not limited to payment of all compensation, including future pay, penalties, liquidated damages, emotional harm, and attorney fees.

### JURY DEMAND

4.1. Plaintiff, Helen Cheek, hereby demands a trial by jury on all claims and issues for which she has a right for a jury to render judgment.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Helen Cheek, requests judgment against defendant Hoonah City School District Board, as follows:

1. Full and complete payment by Defendant of all compensation and benefits Helen Cheek would have earned in her position as Hoonah City School District Superintendent, including loss wages, future loss wages and benefits premised on her working the full duration of her initial three year contract, based on the terms and conditions of her employment contract;

2. Payment by Defendant, Hoonah City School District Board, for all emotional distress losses, future employment losses, losses to reputations, and all penalties permitted against them under Section 1983.

3. Actual reasonable attorney fees permitted under 42 USC 1983, and 42 USC § 1988.

4. Plaintiff Helen Cheek further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated this 18th day of September 2024.

                                                         S/ Isaac Zorea
                                                         Law Offices of Isaac D Zorea
                                                         P.O. Box 90844
                                                         Anchorage, AK 99509
                                                         Telephone: (907) 830-1385
                                                         Facsimile: (800) 536-1071
                                                         E-mail: izorea.law@gmail.com