# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HELEN CHEEK, <br><br> Plaintiff, <br> v. <br><br> HOONAH CITY SCHOOL DISTRICT BOARD, <br><br> Defendant. | Case No. 1:24-cv-00014-SLG |

## ORDER ON MOTION TO DISMISS

Pending before the Court at Docket 7 is Defendant Hoonah City School District Board's (the "Board") Motion to Dismiss. Plaintiff Helen Cheek responded in opposition at Docket 11, and the Board replied at Docket 13.

Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

This is a civil rights action in which Ms. Cheek alleges that the Board terminated her from her position as the Superintendent of the Hoonah City School District in violation of the First Amendment of the U.S. Constitution after she sent letters to the Board delineating policy violations and unlawful conduct by Harold Houston, the Board's President. In her complaint, the factual allegations of which

the Court accepts as true for the purposes of this motion,[1] Ms. Cheek alleges that, in 2023, she was hired to serve a three-year term as Superintendent.[2] She alleges that, in her first one-on-one meeting with Mr. Houston after she arrived in Hoonah, she felt "very uncomfortable about Mr. Houston stepping over the lines as board chair."[3] In particular, Ms. Cheek alleges that, during that meeting, Mr. Houston instructed her to fire the School District's Financial Manager and Arts Grant Director, which she believed would violate Board policies.[4]

Mr. Houston set up weekly meetings with Ms. Cheek.[5] These meetings increased in their frequency, and Ms. Cheek "felt harassed and very uncomfortable."[6] In December 2023, Ms. Cheek expressed to Mr. Houston that she was uncomfortable with the meetings, but Mr. Houston "laughed her concerns off," yet she could tell he was angry.[7] Ms. Cheek called the Association of Alaska School Boards to seek advice on how to handle the situation and was told that she should point out to Mr. Houston that he was violating Board policy.[8] On January

---

[1] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[2] Docket 1 at ¶ 2.1.

[3] Docket 1 at ¶ 2.4.

[4] Docket 1 at ¶ 2.5.

[5] Docket 1 at ¶ 2.6.

[6] Docket 1 at ¶ 2.6.

[7] Docket 1 at ¶¶ 2.7.

[8] Docket 1 at ¶¶ 2.7–2.8.

Case No. 1:24-cv-00014-SLG, *Cheek v. Hoonah City School District Board*
Order on Motion to Dismiss
Page 2 of 10
Case 1:24-cv-00014-SLG   Document 14   Filed 03/31/25   Page 2 of 10

8, 2024, Ms. Cheek wrote the Board policies she believed Mr. Houston had violated on a whiteboard in her office prior to his arrival, and, when he arrived, she explained how some of his actions—such as forming an independent facilities committee, independently entering the school to an conduct inspection, and directing the District's Financial Manager to do tasks solely for his benefit—violated Board policies.[9] Several days later, on January 12, 2024, Ms. Cheek sent emails to the District's attorney and members of the Board and attached a letter she authored to the Board identifying policy violations and unlawful conduct by Mr. Houston.[10] On January 18, 2024, Ms. Cheek sent a follow-up email to the District's attorney and shared a letter she sent to Mr. Houston regarding Board policies and access to employees' confidential records.[11]

On February 6, 2024, the District's attorney informed Ms. Cheek that she had been terminated by the Board, without cause.[12] Ms. Cheek then brought suit in this Court pursuant to 42 U.S.C. § 1983, alleging that the Board had terminated

---

[9] Docket 1 at ¶¶ 2.9–2.11.

[10] Docket 1 at ¶ 2.13.

[11] Docket 1 at ¶ 2.14.

[12] Docket 1 at ¶ 2.15.

Case No. 1:24-cv-00014-SLG, *Cheek v. Hoonah City School District Board*
Order on Motion to Dismiss
Page 3 of 10
Case 1:24-cv-00014-SLG   Document 14   Filed 03/31/25   Page 3 of 10

her in violation of the First Amendment and in retaliation against her based on her speech on matters of public concern to the Board.[13]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[15] When granting a motion to dismiss for failure to state a claim, courts are generally required to grant the plaintiff leave to amend, unless amendment would be futile.[16]

## DISCUSSION

The Board asserts that Ms. Cheek's First Amendment claim must be dismissed because her speech lacks First Amendment protection. Specifically, the Board maintains Ms. Cheek's speech does not address matters of public

---

[13] Docket 1 at ¶ 3.1–3.7.

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[16] *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Case No. 1:24-cv-00014-SLG, *Cheek v. Hoonah City School District Board*
Order on Motion to Dismiss
Page 4 of 10
Case 1:24-cv-00014-SLG   Document 14   Filed 03/31/25   Page 4 of 10

concern and was made pursuant to her official duties as Superintendent.[17] The Board also moves to dismiss Ms. Cheek's Due Process claim because Ms. Cheek did not plead a protectable property interest.[18] Ms. Cheek clarifies in her opposition that "she is not making out a due process claim" and that the reference to the Due Process Clause in her Complaint was "inadvertent."[19] In light of Ms. Cheek's clarification, the Court addresses the sole claim in this case—the First Amendment claim.

"The First Amendment's guarantee of freedom of speech protects government employees from termination *because of* their speech on matters of public concern."[20] Interpreting the U.S. Supreme Court's decision in *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968), the Ninth Circuit has instructed that courts must undertake a five-step inquiry to determine whether a government employee has established a First Amendment retaliation claim.[21] Courts consider

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the [government employer] had an adequate justification for treating the employee differently from other members of the general public; and

---

[17] Docket 8 at 6–15.

[18] Docket 8 at 15–19.

[19] Docket 11 at 15.

[20] *Bd. of Cnty. Comm'rs v. Umbehr*, 518 U.S. 668, 675 (1996) (emphasis in original).

[21] *Eng v. Cooley,* 552 F.3d 1062, 1070 (9th Cir. 2009).

Case No. 1:24-cv-00014-SLG, *Cheek v. Hoonah City School District Board*
Order on Motion to Dismiss
Page 5 of 10
Case 1:24-cv-00014-SLG   Document 14   Filed 03/31/25   Page 5 of 10

> (5) whether the [government employer] would have taken the adverse employment action even absent the protected speech.[22]

Although the Ninth Circuit has at times described these factors as "sequential," it has since clarified that "all the factors are necessary" and "that failure to meet any one of them is fatal to the plaintiff's case."[23] Moreover, the Circuit has noted that "because all five factors are independently necessary, it may be more efficient in some instances to answer a potentially dispositive question further down the *Eng* list first."[24]

The Board asserts that Ms. Cheek has not alleged facts that satisfy the first and second *Eng* factors. The Court addresses only the second *Eng* factor here.

The Board asserts that Ms. Cheek "had no protected right in her speech because it was made in furtherance of her duties as superintendent."[25] The Board maintains that Ms. Cheek's Complaint demonstrates that her speech was made in furtherance of her duties because it refers to her "legal duty" to protect confidential information and cites to her job description to implement board policies, and her "obligation" to object to illegal conduct and to inform the Board of Mr. Houston's policy violations.[26] Ms. Cheek responds that "[t]he fact that [she], as

---

[22] *Id.*

[23] *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 n.4 (9th Cir. 2013).

[24] *Id.*

[25] Docket 8 at 12–15.

[26] Docket 8 at 14 (citing Docket 1 at ¶¶ 2.14, 2.16, 3.5).

Case No. 1:24-cv-00014-SLG, *Cheek v. Hoonah City School District Board*
Order on Motion to Dismiss
Page 6 of 10
Case 1:24-cv-00014-SLG    Document 14    Filed 03/31/25    Page 6 of 10

superintendent, held a responsibility to act as chief administrator for the District did not mean that part of her duty was to specifically keep individual School Board members in their place."[27] In her view, because "[t]he School Board, as representatives of the public, were suppose[d] to be self-regulated," her speech addressed "matters that were beyond the scope of her official duties."[28] The Board's Reply notes that the Complaint alleges "'Superintendent Cheek,' rather than 'Plaintiff,' 'Helen,' or 'Ms.' Cheek, sent emails to the Board and the District's attorney," making clear that these actions were taken pursuant to her duties.[29]

In *Garcetti v. Ceballos*, the U.S. Supreme Court narrowed the First Amendment protections for public employees, holding that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."[30] "This requirement is captured by the second prong of" the Ninth Circuit's test in *Eng*—whether the plaintiff spoke as a private citizen or public employee.[31] "Statements are made in the speaker's capacity as citizen if the speaker had no official duty to make the

---

[27] Docket 11 at 14.

[28] Docket 11 at 14–15.

[29] Docket 13 at 9–10.

[30] 547 U.S. 410, 421 (2006).

[31] *Dahlia*, 735 F.3d at 1068 (citing *Eng*, 552 F.3d at 1070).

Case No. 1:24-cv-00014-SLG, *Cheek v. Hoonah City School District Board*
Order on Motion to Dismiss
Page 7 of 10
Case 1:24-cv-00014-SLG   Document 14   Filed 03/31/25   Page 7 of 10

questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform."[32] Courts "look to three non-exhaustive factors to make this assessment: (1) whether the employee confined his communications to his chain of command; (2) whether the subject matter of the communication fell within the plaintiff's regular job duties; and (3) whether the employee spoke in direct contravention to his supervisor's order."[33]

Ms. Cheek's Complaint discusses two communications to which she attributes her allegedly retaliatory firing—a letter she sent to the Board "identifying the board policy violations and unlawful conduct by the Board President Harold Houston" and a letter she sent to Mr. Houston and shared with the District's attorney concerning Mr. Houston's "blatant violation of school board policies" and her duty to protect confidential information.[34] The Complaint further alleges that Ms. Cheek "made clear to Board President Harold Houston, and to the other members of Hoonah City School District Board, that based on . . . her obligation as the Chief Administrator for the Hoonah City School District, Mr. Houston was violating the board policies and state and federal law on a regular basis."[35]

---

[32] *Eng*, 552 F.3d at 1071 (internal quotation marks omitted) (quoting *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1127 n.2 (9th Cir. 2008).

[33] *Greisen v. Hanken*, 925 F.3d 1097, 1111 (9th Cir. 2019) (internal quotation marks, citation, and alterations omitted).

[34] Docket 1 at ¶¶ 2.13–2.14.

[35] Docket 1 at ¶ 3.5.

Case No. 1:24-cv-00014-SLG, *Cheek v. Hoonah City School District Board*
Order on Motion to Dismiss
Page 8 of 10
Case 1:24-cv-00014-SLG    Document 14    Filed 03/31/25    Page 8 of 10

Although Ms. Cheek insists in her opposition that "[t]he letter that [she] sent to the Board was not part of her official duties," this is directly at odds with the allegations in her Complaint.[36] Because Ms. Cheek specifically alleges that she had a duty, "based on . . . her obligation as the Chief Administrator for the Hoonah City School District," to report Mr. Houston's conduct to the Board, her speech was a product of performing the tasks she was paid to perform.[37]

Ms. Cheek maintains that there was no specific policy that required her to speak to the Board about Mr. Houston and that "[t]he letter that Superintendent Cheek sent to the Board was not part of her official duties, but it was sent to remind the Board of its official duties."[38] However, the question is whether Ms. Cheek communicated in her role as a public employee.[39] In this case, Ms. Cheek communicated using her official title, through a private channel not usually available to members of the public, and copied the District's attorney, confirming that Ms. Cheek spoke as a government employee, not a private citizen.[40]

---

[36] Docket 11 at 14.

[37] Docket 1 at ¶ 3.5.

[38] Docket 11 at 13–14.

[39] *Garcetti*, 547 U.S. at 421.

[40] *See Smith v. N. Star Charter Sch., Inc.*, 593 F. App'x. 743, 744 (9th Cir. 2015) ("A reasonable school board member could conclude that when an employee uses her title to speak, without going through the process for members of the public who wish to speak in that forum, she is speaking in her capacity as government employee.").

Case No. 1:24-cv-00014-SLG, *Cheek v. Hoonah City School District Board*
Order on Motion to Dismiss
Page 9 of 10
Case 1:24-cv-00014-SLG   Document 14   Filed 03/31/25   Page 9 of 10

Accordingly, Ms. Cheek has not alleged facts that support the second *Eng* factor, and her First Amendment retaliation claim must be dismissed.

When a court grants a motion to dismiss for failure to state a claim, it is ordinarily required to grant the plaintiff leave to amend, unless amendment would be futile.[41] In determining whether amendment would be futile, the Court examines whether the Complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."[42] Amendment here would be futile because Ms. Cheek could not amend the Complaint to demonstrate she was not acting pursuant to her official duties without contradicting her initial filing.

## CONCLUSION

For the foregoing reasons, the Board's Motion to Dismiss at Docket 7 is GRANTED and Ms. Cheek's Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter final judgment accordingly.

DATED this 31st day of March, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[41] *Cook, Perkiss & Liehe, Inc.,* 911 F.2d at 247.

[42] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Case No. 1:24-cv-00014-SLG, *Cheek v. Hoonah City School District Board*
Order on Motion to Dismiss
Page 10 of 10
Case 1:24-cv-00014-SLG    Document 14    Filed 03/31/25    Page 10 of 10